IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRAMERCY INSURANCE COMPANY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-cv-00723 |
| | § | |
| CONTRACTOR'S BONDING, LTD., | § | |
| *Defendant*. | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is given under 28 U.S.C. §§ 1332, 1441, and 1446 that Defendant Contractor's Bonding, Ltd., now known as CBL Insurance Ltd. ("CBL"), hereby removes this action from the 345th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, based on the following grounds:

## I.
## STATE COURT ACTION

1.     On June 22, 2017, Plaintiff Gramercy Insurance Company ("Plaintiff") filed *Plaintiff's Original Petition for Summary Turnover Order* (the "Petition") in the 345th Judicial District Court of Travis County, Texas, in *Gramercy Insurance Company v. Contractor's Bonding, Ltd.*, Cause No. D-1-GN-17-002875 (the "State Court Action").

2.     In the State Court Action, Plaintiff,[1] which was placed into receivership in 2012, claims that prior to receivership, CBL and Plaintiff entered into a reinsurance agreement to cover 50% of losses on certain lines of business. Petition ¶ 3.1. Plaintiff contends that after credits and offsets on all lines of business, CBL now allegedly owes Plaintiff $1,043,670.84. *Id.*

---

[1] The Petition is brought by Resolution Oversight Corporation as interim Special Deputy Receiver, the Rehabilitator appointed on behalf of Plaintiff.

3.      Based on its allegations, Plaintiff seeks $1,043,670.84 from CBL. Petition ¶ 3.4.

4.      With this Notice of Removal, CBL removes the State Court Action to this Court on the basis of diversity jurisdiction, as described below.

## II.
## PROCEDURAL REQUIREMENTS

5.      This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 1441, 1446(a).

6.      CBL has asserted insufficient service of process in this case. Based on a letter sent by the Texas Department of Insurance, it appears that the petition and citation were provided to the Texas Commissioner of Insurance on July 3, 2017, and that the Department mailed the petition and citation to CBL on July 11, 2017. Given these dates, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

7.      Under 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the Petition and the docket sheet of the Court in the State Court Action.

8.      Under 28 U.S.C. § 1446(d), CBL is also filing a copy of this Notice of Removal in the 345th Judicial District Court of Travis County, Texas.

## III.
## DIVERSITY JURISDICTION

9.      Where there is complete diversity among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case, and this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

A.      DIVERSITY OF CITIZENSHIP

10.     As it pleaded in the State Court Action, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. A corporation is a citizen of the state where it is incorporated and the

state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

11.     CBL is a citizen of New Zealand. A corporation is considered a citizen of every U.S. state and foreign state where it is incorporated and the U.S. state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(2). CBL is incorporated in New Zealand, with its principal place of business in Auckland, New Zealand. Therefore, CBL is a citizen of New Zealand for diversity purposes.

12.     Because Plaintiff is a citizen of Texas, and CBL is a citizen of New Zealand, complete diversity exists. *See* 28 U.S.C. § 1332(c)(2).

**B.      AMOUNT IN CONTROVERSY**

13.     The amount-in-controversy requirement is satisfied. If a defendant shows, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253 n.13.

14.     The amount in controversy is readily apparent on the face of the record. Plaintiff expressly states that it is seeking $1,043,670.84 in damages from CBL. Petition ¶ 3.4.

15.     It is facially apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. There is complete diversity between the parties in this lawsuit. Thus, this Court has jurisdiction under 28 U.S.C. § 1332(a), and this Notice of Removal is proper. 28 U.S.C. § 1441.

## IV.
## <u>CONCLUSION</u>

For these reasons, CBL removes this action from the 345th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

LOCKE LORD LLP


/s/ Sarah E. Lancaster
Kent Hofmann
State Bar No. 24032424
Sarah E. Lancaster
State Bar No. 24092663
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700 (telephone)
(512) 305-4800 (facsimile)
khofmann@lockelord.com
slancaster@lockelord.com

**ATTORNEYS FOR DEFENDANT**
**CONTRACTOR'S BONDING, LTD.**


### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served as indicated on the following on August 2, 2017:

**VIA CMRRR 9214 7969 0099 9790 1616 2990 17**

Rachel Stroud
The Stroud Firm, PLLC
16000 Pool Canyon Road
Austin, Texas  78734
***Attorney for Plaintiff***

/s/ Sarah E. Lancaster

---

**NOTICE OF REMOVAL**                                                              **Page 4**