# EXHIBIT A

# TRAVIS COUNTY
## District Clerk
### DMS Case Document List

**Cause Number: D-1-GN-17-002875**

| File Date | Category | Description | Additional Info |
|---|---|---|---|
| 06/22/2017 | PET-PL | ORIGINAL PETITION/APPLICATION | PLAINTIFFS ORIGINAL PETITION FOR SUMMARY TURNOVER ORDER |
| 08/01/2017 | ANS-RESP | ORIGINAL ANSWER | CONTRACTOR'S BONDING, LTD.'S SPECIAL APPEARANCE AND SUBJECT TO AND WITHOUT WAIVING ITS SPECIAL APPEARANCE, MOTION TO QUASH SERFVICE OF PROCFESS AND ORIGINAL ANSWER |

6/22/2017 3:13 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-002875
Ruben Tamez

CAUSE NO. D-1-GN-17-002875

| | | |
|---|---|---|
| GRAMERCY INSURANCE COMPANY | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | TRAVIS COUNTY, TEXAS |
| CONTRACTOR'S BONDING, LTD | § § § | 345TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION FOR SUMMARY TURNOVER ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Gramercy Insurance Company, in Receivership, ("Gramercy" or "Plaintiff") by and through, its Special Deputy Receiver ("SDR"), Resolution Oversight Corporation, complaining of Contractor's Bonding, Ltd. ("CBL" or "Defendant") and files this *Original Petition for Summary Turnover Order* (the "Turnover Petition"), and in support thereof would respectfully show the Court as follows:

### I. PARTIES

1.1   Gramercy was placed in receivership by the 53rd Judicial District Court (the "Receivership Court") on December 4, 2012 by entry of an *Agreed Order Appointing Rehabilitator and Permanent Injunction* ("Rehabilitation Order"), appointing the Texas Commissioner of Insurance as Rehabilitator. The Rehabilitator designated Resolution Oversight Corporation as interim Special Deputy Receiver ("SDR') of Gramercy on December 7, 2012, and as SDR on February 15, 2013. On August 26, 2013, the Court entered an *Order Appointing Liquidator and Permanent Injunction* (the "Liquidation Order"), placing Gramercy in liquidation and appointing the Commissioner as Liquidator of Gramercy. The SDR is entitled to file this petition and prosecute this action to recover assets for the benefit of the receivership estate.

1.2     Defendant Contractor's Bonding, Ltd.'s principal place of business is Tower One, Shortland Centre Level 9, 51 Shortland Street, P.O. Box 3792, Auckland 1010, New Zealand. Defendant engaged in business with a Texas Domiciled Insurance Company, which has been placed in receivership, but does not maintain a regular place of business in this state. CBL has designated the Texas Insurance Commissioner as the agent for service of process. Defendant can be served by certified mail, return receipt requested, directed to Defendant through the Texas Insurance Commissioner as an agent for service of process at the following address: 333 Guadalupe, Austin, Texas 78701, P. O. Box 149104, Austin, Texas 78714. The Texas Insurance Commissioner may mail process to: Wilson Sonsini Goodrich & Rosati (Attention of: Tonia Ouellette Klausner) at 1301 Avenue of the Americas, 40th Floor, New York, NY 10019.

## II. AUTHORITY, JURISDICTION AND VENUE

2.1     The Special Deputy Receiver is authorized to file this Application pursuant to TEX. INS. CODE § 443.201, which provides for the turnover of assets in possession of another person.

2.2     This Court has original jurisdiction for all matters arising under TEX. INS. CODE ANN. Chapter 443 or arising or related to this proceeding as the court in which these proceedings are pending pursuant to TEX. INS. CODE ANN. §§ 443.005 (c), 443.005(d)(4) and 443.005(d)(5).

2.3     Venue in Travis County, Texas is mandatory pursuant to TEX. INS. CODE ANN. §443.005 (g).

2.4.    The subject matter of this Turnover Petition has been referred to the Special Master appointed in this proceeding in accordance with the Paragraph III. 14 of the *Supplemental Order of Reference to Master* entered on August 26, 2013.

### III. BACKGROUND

3.1     Prior to receivership, CBL and Gramercy entered into a reinsurance agreement with Gramercy to cover 50% of losses on listed lines of business. Gramercy and CBL would reconcile the amounts owed by each on the covered lines of business and settle the amounts owed through a trust. After all credits and offsets on all lines of business, CBL now owes Gramercy $1,043,670.84. CBL has refused this payment citing only that it doesn't think it should have to pay Gramercy for claims under the agreement since Gramercy hasn't paid 100% of the claims to the insureds because Gramercy was placed into receivership. This is contrary to the provisions of Chapter 443 of the Texas Insurance Code and the reinsurance agreement.

3.2     The SDR sent a Turnover Demand to CBL requesting that it immediately deliver $1,043,670.84 pursuant to TEX. INS. CODE ANN. §443.201(a). TEX. INS. CODE ANN. §443.201(a) provides that:

> If the receiver determines that funds or property in the possession of another person are rightfully the property of the estate, the receiver shall deliver to the person a written demand for immediate delivery of the funds or property . . . **Any person who holds funds belonging to an entity subject to an order of receivership under this chapter shall deliver the funds or other property to the receiver on demand.**

(emphasis added). TEX. INS. CODE ANN. §443.201(a) further provides that CBL had 20 days to present any claim it had to the receivership court. Specifically:

> should the person allege the right to retain the funds or other property, the person, not later than the 20[th] day after the date of receipt of [the demand letter], shall file with the receivership court a pleading setting out that right. The person shall serve a copy of the pleading on the receiver. This pleading must inform the receivership court as to the nature of the claim to the funds, the alleged value of the property or amount of funds held, what action, pending determination of the dispute, has been taken by the person to preserve and protect the property or to preserve any funds. The relinquishment of possession of funds or property by any person who has received a demand pursuant to this section does not constitute a waiver of a right to make a claim in the receivership.

A copy of the Turnover Demand letter is attached hereto and incorporated herein as Exhibit A. CBL acknowledged receipt of the letter but has taken no action with regard to the demand. An email exchange with Peter Harris acknowledging receipt of the Turnover Demand letter is attached hereto and incorporated herein as Exhibit B. CBL never responded further and did not return any funds.

    3.3    TEX. INS. ANN. CODE § 443.201 (d) provides that:

> If a person fails to deliver the funds or property or to file the pleading described by Subsection (a) within the period described by Subsection (a), the receivership court may, upon petition of the receiver and upon a copy of the petition being served by the receiver to that person, issue its summary order directing the immediate delivery of the funds or property to the receiver and finding that the person has waived all claims of right to the funds or property.

Defendant has failed to deliver the funds to the SDR or file the required pleading; therefore, it has waived all claims of right to the funds in the amount of $1,043,670.84.

    3.4    The SDR respectfully petitions the Court to issue a summary order directing that Defendant immediately deliver $1,043,670.84 to the SDR and finding that Defendant has waived all claims to the funds.

## IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and that a Summary Order be issued finding that:

    a.    Plaintiff is entitled to a Summary Order for $1,043,670.84;

    b.    Defendant be ordered to send funds in the amount of $1,043,670.84 to the SDR immediately;

    c.    Defendant has waived all claims of right to the funds;

    d.    Plaintiff be granted pre-judgment from date of demand at the highest legal rate allowed by law if Defendant fails to send the funds to the SDR within 5 days of this Order;

  e. Plaintiff be granted post-judgment interest at the highest legal rate allowed by law if Defendant fails to send the funds to the SDR within 5 days of this Order;

  f. Plaintiff be granted judgment for reasonable attorney's fees;

  g. Plaintiff be granted judgment for all costs of court; and

  h. Plaintiff be granted judgment for other and further relief to which Plaintiff is justly entitled.

        Respectfully submitted,

        THE STROUD FIRM, PLLC.
        16000 Pool Canyon Road
        Austin, Texas 78734
        Telephone: 512/293-8244
        Email: rstroud@thestroudfirm.com

       By: */s/ Rachel Stroud*
        Rachel Stroud
        State Bar No. 19424700

        Attorneys for the Special Deputy Receiver

# THE STROUD FIRM, PLLC

Rachel Stroud
rstroud@thestroudfirm.com

April 12, 2017

Mr. Peter Harris
Contractors Bonding, Ltd.
Tower One, Shortland Centre
51 Shortland Street
P.O. Box 3772
Auckland 1010
New Zealand

Re:   Cause No. D-1-GV-12-001713; *State of Texas v. Gramercy Insurance Company*; In the 53rd Judicial District Court of Travis County, Texas

Dear Mr. Harris:

This firm represents Resolution Oversight Corporation, the court-appointed Special Deputy Receiver ("SDR") of Gramercy Insurance Company ("Gramercy"). As you know Gramercy was placed into receivership on December 4, 2012 by the 53rd Judicial District Court of Travis County, Texas ("the receivership court"). As you also know, Contractors Bonding, Ltd ("CBL") entered into a reinsurance agreement with Gramercy to cover 50% of losses on listed lines of business that included TopDanmark.

TopDanmark obtained an arbitration award against Gramercy. CBL was aware of this claim and even hired the law firm that defended Gramercy on this claim, splitting the legal fees on a 50/50 basis, until Gramercy, with your consent, entered into a settlement. Further, the SDR sought your assistance with any defenses to this claim before the board handed down this award. When TopDanmark filed a Proof of Claim (POC) with the estate, the SDR again sought your assistance with any defenses to the claim. You refused to provide any reasons for denial to the SDR; accordingly, the SDR allowed the arbitration board award in accordance with Texas Insurance Code § 443.253. The SDR presented that POC allowance on a claim report that was submitted to the Receivership Court as required by Texas Insurance Code § 443.258. CBL was notified of this application and did not object to the SDR's allowance of the POC. The Receivership Court approved that claim report and the SDR's allowance of the claim as a claim against the Gramercy estate is now final.

The SDR presented CBL with a billing showing that CBL owes Gramercy $1,043,670.84. CBL has refused to pay the estate stating that CBL disagrees that it owes for the TopDanmark claim. The SDR even provided you with an email where you agreed to a settlement of the claim prior to receivership. CBL's consent is not required by the reinsurance agreement. Article IX. Loss and Loss Adjustment Expense provides:

>    A.   The Company alone and at its full discretion shall adjust, settle or compromise all claims and losses. All such adjustments, settlements, and

*16000 Pool Canyon Rd.*   *Austin, Texas 78734*   *512/293-8244*

**EXHIBIT A**

April 12, 2017
Page 2

> compromises... shall be binding on the Reinsurer in proportion to its participation. The Company shall likewise at its sole discretion commence, continue, defend, compromise, settle or withdraw from actions, suits or proceedings and generally do all such matters and things relating to any claim or loss as in its judgment may be beneficial or expedient, and all payments made costs and expenses incurred in connection therewith or in taking legal advice therefore shall be shared by the Reinsurer proportionately...

You raised an objection that because Gramercy hasn't paid the TopDanmark claim, CBL doesn't owe its share of the claim. This is not available as an excuse for nonpayment as set forth in the reinsurance agreement. Article XII Insolvency provides:

> A.  In the event of the insolvency of the Company, this reinsurance shall be payable directly to the Company, or to its liquidator, receiver... immediately upon demand on the basis of the liability of the Company without diminution because of the insolvency of the Company **or because the liquidator, receiver...has failed to pay all or a portion of any claim.** (*emphasis added*)...It is further agreed that the during the pendency of such claim the Reinsurer may investigate such claim and interpose, at its own expense, in the proceeding where such claim is to be adjudicated, any defense or defenses that they may deem available to the Company or its liquidator receiver...

The SDR requested CBL's assistance with any defenses against the TopDanmark claim, both before the arbitration award was handed down and before the POC was approved by the Receivership Court. CBL refused to assist in any way; therefore, it owes the amount sought by the SDR.

The reinsurance agreement was secured by a Trust Account. Article III of the reinsurance agreement provides that the funds in the Trust Account shall be under exclusive control of the Company solely for the purposes of paying losses under the agreement. The SDR requested release of the funds in the Trust Account, yet CBL refused.

Texas Insurance Code § 443.201(a) provides that:

> If the receiver determines that funds or property in the possession of another person are rightfully the property of the estate, the receiver shall deliver to the person a written demand for immediate delivery of the funds or property . . . Any person who holds funds or other property belonging to an entity subject to an order of receivership under this chapter shall deliver the funds or other property to the receiver on demand.

Accordingly, please consider this the SDR's demand, pursuant to the above-referenced section, for release of the funds held in the Trust Account and for payment of the remaining balance

April 12, 2017
Page 3

owed to Gramercy. As of February 1, 2017, the Trust Account at BNY Mellon bank had a balance of $113,964.65. Upon release of the Trust funds, CBL will owe Gramercy a remaining unpaid balance of $929,706.19.

Any claim of right to the funds by CBL must be presented to the receivership court not later than the 20th day after the date of receipt of this letter. Specifically,

> should the person allege any right to retain the funds or other property, the person, not later than the 20th day after the date of receipt of [this demand letter], shall file with the receivership court a pleading setting out that right. The person shall serve a copy of the pleading on the receiver. The pleading must inform the receivership court as to the nature of the claim to the funds or property, the alleged value of the property or amount of funds held, and what action, pending determination of the dispute, has been taken by the person to preserve and protect the property or to preserve any funds. The relinquishment of possession of funds or property by any person who has received a demand pursuant to this section does not constitute a waiver of a right to make a claim in the receivership.

Texas Insurance Code § 443.201(a).

Please note that even if CBL makes a claim of right to the funds, you **MUST STILL** deliver the entire $1,043,670.84 to the SDR. The SDR will accept the release of the Trust funds as partial payment of the amount owed, but you must pay the balance of $929,706.19. You can then assert CBL's rights to any part of the funds with the Receivership Court. Should you fail to deliver the funds or to file the pleading described in §443.201(a) within the period prescribed, the receivership court may, upon petition of the SDR and upon a copy of the petition being served on you, issue a summary order directing immediate delivery of the funds to the SDR and finding that you have waived all claims of right to the funds as per Texas Insurance Code § 443.201(d). The Special Deputy Receiver will also seek all costs, attorneys' fees, and legal interest on the funds as may be allowed for violating this statute and/or the reinsurance agreement.

Please contact me to arrange for the wire transfer of the funds to Gramercy's account with the Texas Treasury.

Sincerely,

Rachel Stroud

*16000 Pool Canyon Rd.*          *Austin, Texas 78734*          *512/293-8244*

**EXHIBIT A**

Subj: RE: Gramercy Ins. Co. in Receivership / CBL Statement of Accounts Jan. 31, 2...
Date: 5/31/2017 4:52:52 A.M. Central Daylight Time
From: PHarris@cblinsurance.com
To: eagarzasdr@aol.com
CC: CMulholland@cblinsurance.com

Dear Mr Garza,

I got this letter the day I left my office to travel overseas, and I have not yet returned to the office. I do so on Tuesday

I plan to discuss this with colleagues next week and respond by the end of the week.

Did you have any response to my email below, - or do you want to get our response first,

Regards

Peter A Harris | **Managing Director**
CBL Insurance Group
Tower 1, 51 Shortland Street
Auckland 1010, New Zealand
Level 21, 45 Clarence Street,
Sydney 2000, Australia
Mob: +64 21 75 76 78
www.cblinsurance.com


From: Ernesto Garza [mailto:eagarzasdr@aol.com]
Sent: Saturday, May 27, 2017 4:03 AM
To: Peter Harris <PHarris@cblinsurance.com>
Subject: Fwd: Gramercy Ins. Co. in Receivership / CBL Statement of Accounts Jan. 31, 2...

Mr. Harris:
Did you receive the email below with the attached letter mailed to you by the Gramercy Insurance Company in Receivership estate counsel?

Ernesto Garza

Begin forwarded message:

> From: Eagarzasdr@aol.com
> Date: May 12, 2017 at 12:25:59 PM PDT
> To: PHarris@cblinsurance.com
> Subject: **Re: Gramercy Ins. Co. in Receivership / CBL Statement of Accounts Jan. 31, 2...**
>
> Mr. Harris:
> Attached is a letter dated April 12, 2017 that our receivership estate counsel, Rachel Stroud, sent to you regarding this matter.
>
> Ernesto A. Garza
> President
> Resolution Oversight Corporation
>
> This email and any attachments are intended only for use by the addressee and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are notified that any dissemination, or copying of this email or any attachment is strictly prohibited. If you received this email in error, please immediately notify me, permanently delete the original and all copies of the email, and destroy any printed versions.

Thursday, June 22, 2017 AOL: Eagarzasdr                    **EXHIBIT B**

8/1/2017 2:58 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-002875
Sandra Henriquez

NO. D-1-GN-17-002875

| | | |
|---|---|---|
| GRAMERCY INSURANCE COMPANY, *Plaintiff*, | § § § | IN THE DISTRICT COURT OF |
| v. | § § | TRAVIS COUNTY, TEXAS |
| CONTRACTOR'S BONDING, LTD., *Defendant*. | § § § | 345TH JUDICIAL DISTRICT |

## CONTRACTOR'S BONDING, LTD.'S SPECIAL APPEARANCE AND, SUBJECT TO AND WITHOUT WAIVING ITS SPECIAL APPEARANCE, MOTION TO QUASH SERVICE OF PROCESS AND ORIGINAL ANSWER

To the Honorable Judge of the Court:

### I. Special Appearance

Contractor's Bonding, Ltd., now known as CBL Insurance Ltd. ("CBL"), sued by Plaintiff Gramercy Insurance Company ("Plaintiff"), makes this special appearance under Texas Rule of Civil Procedure 120a for the purpose of objecting to the jurisdiction of the Court over the person and property of CBL. This special appearance is made as to all claims asserted by Plaintiff against CBL in this proceeding. This special appearance is filed before any other plea, pleading, or motion filed by CBL.

CBL is a New Zealand company, and its principal place of business is located in Auckland, New Zealand. The Court does not have jurisdiction over CBL's person or property because CBL is not a resident of Texas and is not amenable to process issued by the courts of Texas. CBL has not had continuous and systematic minimum contacts with Texas, as required for general jurisdiction. Moreover, Plaintiff's claims against CBL do not arise from and are not sufficiently related to any purposeful activities conducted by CBL in Texas, as required for specific jurisdiction. Absent sufficient minimum contacts with the State of Texas, the Texas long-arm statute does not permit this Court to exercise personal jurisdiction over CBL, and the

AUS:1001601/00005:705762v2

exercise of jurisdiction would not be permitted under the Texas or the United States Constitutions. Any assumption of jurisdiction by the Court over CBL and its property would, instead, deprive CBL of due process as guaranteed by the Texas and United States Constitutions. Under these circumstances, the exercise of personal jurisdiction would also offend traditional notions of fair play and substantial justice.

Accordingly, CBL specially appears for the sole purpose of asking this Court to dismiss all of Plaintiff's claims against CBL for lack of personal jurisdiction. *See* TEX. R. CIV. P. 120a. CBL reserves the right to supplement or amend this Special Appearance.

## II. Subject to and Without Waiving Its Special Appearance, CBL's Motion to Quash Service of Process

As permitted by Rule 120a of the Texas Rules of Civil Procedure, CBL files this Motion to Quash Service of Process subject to and without waiving its foregoing Special Appearance. CBL has not been properly served with process in this lawsuit. For this reason, among others, the Court does not have personal jurisdiction over CBL, and CBL asks that the Court quash the service of process purportedly attempted by Plaintiff and provide CBL with all relief to which it is entitled. CBL reserves the right to supplement or amend this Motion.

## III. Subject to and Without Waiving Its Special Appearance, CBL's Original Answer

As permitted by Rule 120a of the Texas Rules of Civil Procedure, CBL files this Original Answer subject to and without waiving its foregoing Special Appearance, and pleads the following:

    1.    Under Texas Rule of Civil Procedure 92, CBL generally denies each and every allegation in Plaintiff's Original Petition and demands strict proof thereof. CBL reserves the right to supplement or amend this answer before trial of this cause on the merits and as otherwise permitted by the Court.

2.  Without conceding or waiving any argument concerning the burden of proof, CBL further pleads that Plaintiff's claims are barred in whole or in part by the following:

   a. CBL does not possess any funds or property that are rightfully the property of Plaintiff or Plaintiff's estate in receivership. Accordingly, Plaintiff has no legal or factual grounds to invoke Texas Insurance Code Section 443.201;

   b. lack of due process of law as guaranteed by both the Texas and United States Constitutions; and

   c. offset.

For these reasons, CBL requests that Plaintiff take nothing by its claims, that the Court grant judgment in CBL's favor, that CBL recover its costs expended in this cause, and that the Court grant CBL such other and further relief, general or special, to which it may be justly entitled.

Respectfully submitted,

LOCKE LORD LLP

By: /s/ Kent Hofmann
   Kent Hofmann
   State Bar No. 24032424
   Jon L. Gillum
   State Bar No. 24036638
   Sarah E. Lancaster
   State Bar No. 24092663
   600 Congress Ave., Suite 2200
   Austin, Texas 78701
   (512) 305-4700 (telephone)
   (512) 305-4800 (facsimile)
   khofmann@lockelord.com
   jgillum@lockelord.com
   slancaster@lockelord.com

ATTORNEYS FOR DEFENDANT
CONTRACTOR'S BONDING, LTD.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this Special Appearance and, Subject To and Without Waiving Its Special Appearance, Motion to Quash Service of Process and Original Answer, was served on the following on August 1, 2017:

**VIA E-SERVICE**
Rachel Stroud
The Stroud Firm, PLLC
16000 Pool Canyon Road
Austin, Texas 78734

                                                /s/ Kent Hofmann
                                                Kent Hofmann