IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GRAMERCY INSURANCE COMPANY,
Plaintiff,

-vs-

CONTRACTOR'S BONDING, LTD.
Defendant.

CAUSE NO.:
AU-17-CA-00723-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Gramercy Insurance Company (Gramercy)'s Motion to Remand [#10], Defendant Contractor's Bonding, Ltd. (CBL)'s Response [#13] in opposition, and Gramercy's Reply [#15] in support, as well as CBL's Motion to Transfer and, in the Alternative, Motion to Compel Arbitration and Stay Proceedings [#6], Gramercy's Response [#12] in opposition, and CBL's Reply [#14] in support. Having reviewed the documents, the relevant law, the arguments of counsel, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

This action arises from a reinsurance agreement dispute between Gramercy and CBL. In July 2007, CBL entered into a reinsurance agreement with Gramercy. Suppl. Mot. Transfer [#8-1] Ex. B at 15 (Reinsurance Agreement). The Reinsurance Agreement contains both arbitration and forum selection clauses. The arbitration clause states "[a]ny and all disputes or differences arising out of the Agreement, including its formation and validity, shall be submitted to binding arbitration." *Id.* at 10. The forum selection clause states "[u]nless prohibited by law, the Superior Court of the State of Georgia, Gwinnett County, and the applicable United States District Court

1

shall have exclusive jurisdiction over any and all court proceedings to compel, stay or enjoin arbitration." *Id.* at 11.

After the parties executed the Reinsurance Agreement, Gramercy began to experience financial difficulties, and in December 2012, Gramercy was placed in receivership in state court. Resp. Mot. Transfer [#12] at 2. The Texas Commissioner of Insurance, in its capacity as receiver, designated Resolution Oversight Corporation (Resolution Oversight) as the special deputy receiver for Gramercy. *Id.* As special deputy receiver, Resolution Oversight is authorized to stand in the shoes of and exercise the powers of the receiver. *Id.* [#12-2] Ex. 1 at 1–2 (Stroud Aff.).

Under Texas Insurance Code § 443.201, the receiver (or special deputy receiver) may issue a written demand to any person in possession of property rightfully belonging to the receivership estate. TEX. INS. CODE § 443.201(a). The person in possession of the property must assert any right to retain the property by filing a pleading with the receivership court within twenty days of receipt of the written demand. *Id.* If the person in possession of the property fails to deliver the property or file the pleading within the twenty-day period, the special deputy receiver may petition the receivership court to issue a summary turnover order directing the immediate delivery of the property to the receiver and finding the person has waived all claims of right to the property. *Id.* § 443.201(d).

On May 12, 2017, in its capacity as special deputy receiver, Resolution Oversight emailed a written demand to CBL alleging CBL owed Gramercy upwards of $1 million under the terms of the Reinsurance Agreement. Stroud Aff. at 2; Not. Removal [#1-1] Ex. A at 3 (Original Pet.). CBL did not respond or deliver the requested funds within twenty days of receiving the demand. Stroud Aff. at 2. As a result, on June 22, 2012, Resolution Oversight

2

petitioned the receivership court to issue an order finding CBL had waived its right to the funds and directing CBL to deliver the funds to Resolution Oversight. *Id.* at 2–3.

On August 1, 2017, CBL made a special appearance in state court and filed a motion to quash service of process. Mot. Remand [#10] at 3. The next day, CBL removed the action to federal court.[1] Not. Removal [#1]. CBL now moves to transfer this case to the Northern District of Georgia, Atlanta Division or, in the alternative, to compel arbitration. Mot. Transfer [#6] at 3 n.3. In turn, Gramercy moves for remand to state court. Mot. Remand [#10]. Following a hearing before this Court on October 25, 2017, the pending motions are ripe for review.

**Analysis**

**I.  Motion to Remand**

Gramercy argues the Court should abstain from exercising jurisdiction over this matter under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Mot. Remand [#10] at 5–10. Alternatively, Gramercy argues this Court is required to remand under the doctrine of equitable restraint set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Id.* The Court addresses these arguments in turn.

**A.  *Burford* Abstention**

*Burford* abstention is appropriate only when the district court has discretion to grant or deny relief. *Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 589 (5th Cir. 1998) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716–18 (1996)). CBL argues *Burford* abstention is inappropriate because under the Federal Arbitration Act (FAA) this Court lacks discretion with respect to CBL's pending motion to compel arbitration. Resp. Mot. Remand [#13] at 3; *see generally* 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court *shall* make an order directing the parties to proceed to

---

[1] The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because CBL is a citizen of New Zealand and Gramercy is a citizen of Texas. *See* Not. Removal [#1] at 3.

arbitration . . . ." (emphasis added)). Gramercy disagrees and argues (1) the FAA is inapplicable because it is reverse preempted by the McCarron–Ferguson Act; and (2) the FAA is inapplicable because CBL waived its right to arbitration. Mot. Remand [#10] at 9–10.

### 1. Reverse Preemption

The McCarron–Ferguson Act permits a state law to reverse preempt a federal statute only if: "(1) the federal statute does not specifically relate to the business of insurance, (2) the state law was enacted for the purpose of regulating the business of insurance, and (3) the federal statute operates to invalidate, impair, or supersede the state law." *Munich*, 141 F.3d at 590 (internal quotation marks omitted) (citing 15 U.S.C. §§ 1011, 1014). The parties only dispute whether the federal statute operates to invalidate, impair, or supersede the state law.

Texas's insurance regulatory scheme does not reverse preempt the FAA under the McCarron–Ferguson Act. Texas Insurance Code § 443.005(e) states "[e]xcept as to claims against the estate, nothing in this chapter deprives a party of any contractual right to pursue arbitration." The FAA does not operate to invalidate, impair, or supersede state law where the state law in question explicitly condones the parties' contractual right to arbitration. *Cf. Munich*, 141 F.3d at 594 n.5, 596 (holding existence of state laws upholding enforceability of arbitration clauses in insurance contracts insufficient to demonstrate state intended to preserve right to arbitration in state delinquency proceedings). Therefore, the FAA governs CBL's pending motion to compel arbitration, and the Court lacks discretion to abstain under *Burford*.

### 2. Waiver

Although the Court's reverse-preemption analysis above is dispositive of Gramercy's argument for remand under *Burford*, the Court proceeds to address Gramercy's argument that CBL somehow waived its right to arbitration. According to Gramercy, CBL waived its right to

4

arbitration because CBL did not file a pleading asserting a right to retain the funds within twenty days of the special deputy receiver's demand, as required by § 443.201. Reply Mot. Remand [#15] at 1–5 (citing TEX. INS. CODE § 443.201).

Gramercy puts the cart before the horse. Section 443.201(d) states that upon a petition for a summary turnover order, the receivership court *may* issue an order finding the person has waived all claims of right to the funds. The receivership court has not issued such an order in this case. Moreover, the Court again notes that § 443.005(e) states "nothing in this chapter deprives a party of any contractual right to pursue arbitration." Given the plain language of § 443.005(e) and the absence of a summary turnover order finding CBL has waived its right to the funds, the Court finds CBL has not waived its right to arbitration.

**B.** *Younger v. Harris*

"When a federal court is asked to interfere with a pending state prosecution, established doctrines of equity and comity are reinforced by the demands of federalism, which require that federal rights be protected in a manner that does not unduly interfere with the legitimate functioning of the judicial systems of the States." *Kugler v. Helfant*, 421 U.S. 117, 123 (1975) (citing *Younger*, 401 U.S. 37).

Gramercy argues equitable restraint under *Younger* is appropriate because "the state receivership court's turnover order power is a matter of state regulatory law that the state court should interpret." Mot. Remand [#10] at 9. This argument is inapposite because, as the Court's preceding analysis demonstrates, consideration of CBL's motion to compel arbitration does not require this Court to reach or interpret the receivership court's statutory authority. Moreover, considerations of comity and federalism do not require this Court abstain from consideration of CBL's motion to compel arbitration because § 443.005(e) explicitly preserves the parties' right

5

to arbitration notwithstanding the pendency of receivership proceedings. *See* Section II.A.1. The Court therefore denies Gramercy's request this Court remand under *Younger*.

## II. Motion to Transfer

CBL moves to transfer this action to the Northern District of Georgia, Atlanta Division, pursuant to the forum selection clause contained within the Reinsurance Agreement. Mot. Transfer [#6]; *see also* 28 U.S.C. § 1404(a). Gramercy argues the Court should deny the motion to transfer because neither the forum selection clause nor the motion to compel arbitration apply. Resp. Mot. Transfer [#12] at 5–7.

In a motion to transfer pursuant to 28 U.S.C. § 1404(a), a valid forum selection clause is given "controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Tex.*, 134 S. Ct. 568, 581 (2013). Here, the forum selection clause unambiguously states "any and all court proceedings to compel, stay or enjoin arbitration" shall be brought in the Northern District of Georgia. Reinsurance Agreement at 11. Gramercy has not contested the validity of the forum selection clause. However, in an incredible feat of mental gymnastics, Gramercy asserts the Reinsurance Agreement's forum selection clause does not apply because these are not "court proceedings to compel, stay or enjoin arbitration." Resp. Mot. Transfer [#12] at 5 (characterizing this federal litigation as a "statutory summary turnover action"). This argument is plainly wrong. Following the Court's disposal of Gramercy's motion to remand, the only other motion pending before this Court is CBL's motion to compel arbitration, and as a result, this action falls squarely within the scope of the forum selection clause. *See* Mot. Transfer [#6]. Gramercy has presented no colorable legal basis as to why the

6

forum selection clause should not control. Therefore, Court transfers this motion to the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1404(a).[2]

## Conclusion

The Court denies Gramercy's motion to remand and grants CBL's motion to transfer. Since the Court grants CBL's motion to transfer, it does not reach the merits of CBL's motion to compel.

Accordingly,

IT IS ORDERED that Gramercy's Motion to Remand [#10] is DENIED; and

IT IS FURTHER ORDERED that CBL's Motion to Transfer and, in the Alternative, Motion to Compel Arbitration and Stay Proceedings [#6] is GRANTED IN PART as described in this opinion.

SIGNED this the 19th day of January 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Because the Court grants CPL's motion to transfer venue, the Court does not reach the merits of the motion to compel arbitration. However, the Court notes in passing that Gramercy's arguments against application of the arbitration clause are unpersuasive. Gramercy argues the arbitration clause does not apply because "McCarran-Ferguson reverse-pre-emption [sic] means that any conflict between the state statute and the Federal Arbitration Act must be resolved in favor of the state turnover statute." [#12] at 5–6. As the Court has already determined above, McCarron Ferguson does not reverse preempt the FAA in this matter. See Section II.A.1. Gramercy also tentatively cites *Rich v. Cantilo & Bennett* to argue the arbitration clause should not bind the special deputy receiver. Resp. Mot. Transfer [#12] at 5–6 (citing *Rich v. Cantilo & Bennett, L.L.P.*, 492 S.W.3d 755 (Tex. App.—Austin 2016)). But as Gramercy's own motion correctly observes, the special deputy receiver in *Rich* was "obligated to arbitrate contractual claims." Resp. Mot. Transfer [#12] at 5; *see also Rich*, 492 S.W.3d at 761 ("A receiver is therefore bound to a receivership entity's agreement to arbitrate if the entity would have been subject to that agreement.").